UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALVIN SMITH, JR. | CIVIL ACTION |
| VERSUS | NO. 12-354 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | SECTION "J" (2) |

## ORDER ON MOTION

In his letter received by the court on May 14, 2012, plaintiff Calvin Smith, Jr., appearing pro se and in forma pauperis, seeks appointment of counsel to represent him in this matter. Record Doc. No. 11.

Having considered the record and the applicable law, **IT IS ORDERED** that plaintiff's motion is DENIED for the following reasons.

> The court has the authority to appoint "an attorney to represent any person unable to afford counsel." However, a party is <u>not</u> entitled to appointment of counsel as a right in a civil action: "There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel."
> . . . . When [as in Social Security appeals] the individual's action is not brought pursuant to a statute which explicitly authorizes the appointment of counsel, the court may appoint counsel in "extraordinary circumstances." The existence of extraordinary circumstances "will turn on the quality of two basic factors–the type and complexity of the case, and the abilities of the individual bringing it."

<u>Bridges v. Social Sec. Admin.</u>, No. CIVASA05CA0652XR, 2005 WL 1719251, at *1 (W.D. Tex. July 22, 2005) (Nowak, M.J.) (quoting 28 U.S.C. § 1915(e)(1); <u>Salmon v. Corpus Christi Indep. Sch. Dist.</u>, 911 F.2d 1165, 1166 (5th Cir. 1990); <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982)) (emphasis added).

Based upon the limited record to date, I find no extraordinary circumstances in this appeal of a final decision of the Commissioner of the Social Security Administration that would require appointment of counsel. The type and complexity of plaintiff's case do not compel the appointment of counsel. Plaintiff has not provided any evidence that he would be unable to review the administrative record or point out to the court in writing the alleged errors in the Commissioner's decision.

The Fifth Circuit has observed that, in an appeal of the denial of Social Security benefits, a pro se litigant's "rights can be fully protected without legal counsel, as the reviewing court must examine the record to determine if 'all of the relevant facts [were] sufficiently developed and considered.'" Harris v. Apfel, 209 F.3d 413, 415 (5th Cir. 2000) (quoting Maldonado v. Apfel, 55 F. Supp. 2d 296, 303 (S.D.N.Y. 1999)). Moreover, numerous private sector lawyers are available and would handle this kind of case, if their evaluation were such that they believe they could earn a fee.

Plaintiff's deadline to file his memorandum of facts and law is extended until **JUNE 18, 2012**. Defendant must file his reply memorandum not later than **JULY 18, 2012**.

New Orleans, Louisiana, this 17th day of May, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE